Michael R. Bracamontes (SBN 242655)
Ryan J. Vlasak (SBN 241581)
BRACAMONTES & VLASAK, P.C.
220 Montgomery Street, Suite 870
San Francisco, CA 94104
mbracamontes@bvlawsf.com
Phone: (415) 835-6777
Fax:     (415) 835-6780

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HOWARD,<br>ANDREW KSENZULAK,<br>BRANDON BENCOMO, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a corporation,<br>VOLKSWAGEN AKTIENGESELLSCHAFT, a corporation,<br>AUDI AKTIENGESELLSCHAFT, a corporation, and DOES 1 to 20, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER RICO**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

　　Plaintiffs Justin Howard, Andrew Ksenzulak, Brandon Bencomo, individually and on behalf of all others similarly situated, sue Volkswagen Group of America, Inc., a corporation, Volkswagen Aktiengesellschaft, a corporation, Audi Aktiengesellschaft, a corporation, and Does 1 to 20, inclusive, ("Defendants"), and each of them, demands a trial by jury of all issues, and for causes of action allege:

## **JURISDICTION & VENUE**

1. Jurisdiction is based on 28 U.S.C. §§ 1332(d) and 18 U.S.C. § 1965(a).  The amount in

controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. Members of the proposed class are residents of states different than Defendants and the proposed class exceeds 100 members. This action also arises under 18 U.S.C. § 1961, et seq. Venue in the instant district is proper under 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants conduct business in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District. Additionally, Defendants transacts his affairs in this District.

## PARTIES

2. Plaintiff Justin Howard is an individual over the age of 18 and, at all relevant times herein, has his principal place of residence in California.

3. Plaintiff Andrew Ksenzulak is an individual over the age of 18 and, at all relevant times herein, has his principal place of residence in California.

4. Plaintiff Brandon Bencomo is an individual over the age of 18 and, at all relevant times herein, has his principal place of residence in California.

5. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOE ONE through DOE TWENTY, inclusive. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe that each of the DOE defendants is responsible in some manner for the occurrences and injuries alleged in this complaint.

6. Defendant Volkswagen Group of America, Inc. is, and at all relevant times mentioned herein was, a corporation duly organized and existing under the laws of the State of New Jersey, doing business in and throughout the United States including California.

7. Defendant Volkswagen Aktiengesellschaft is, and at all relevant times mentioned herein was, a corporation doing business in and throughout the United States including California.

8. Defendant Audi Aktiengesellschaft is, and at all relevant times mentioned herein was, a corporation doing business in and throughout the United States including California.

## CLASS ACTION ALLEGATIONS

9. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated.

The Class represented by the named Plaintiffs is composed of all persons who purchased or leased the following vehicles: 2009 – 2015 Volkswagen Beetle, Golf, Jetta, Jetta Sportswagen (diesel or TDI models); 2014 – 2015 Passat (diesel or TDI models); 2009 – 2015 Audi A3 (diesel models).

10. The persons in this class are so numerous that the joinder of all such persons is impracticable. Specifically, in the United States, Defendants sold over 500,000 diesel vehicles of the make and model described above. California residents purchased the most affected diesel vehicles out of any state in the United States. The members of this class are ascertainable and capable of being identified. The disposition of their claims in a class action is therefore a benefit to the parties and to the Court.

11. Excluded from the Class are judicial officers that may hear this matter and all employees and agents of Defendants and their subsidiaries.

12. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that every member of the Class has been subject to the same pattern of illegal conduct alleged below, is entitled to punitive damages, and each has suffered damages including, but not limited to, inconvenience, diminution in value, and overpayment for their vehicle. Proof of a common or single state of facts will establish the right of each member of the Class to recover. The claims of the named Plaintiffs are typical of those of the Class, and the named Plaintiffs will fairly and adequately represent the interests of the Class. The interests of the named Plaintiffs are consistent with the Class. The questions of law and fact common to the Class are substantially similar and predominate over the questions affecting the individual members of the Class.

## STATEMENT OF FACTS

13. Plaintiff Justin Howard purchased a new 2014 Volkswagen Passat TDI in California.

14. Plaintiff Andrew Ksenzulak purchased a used 2011 Volkswagen Jetta TDI in California in January 2013.

15. Plaintiff Brandon Bencomo purchased a new 2011 Volkswagen Jetta Sportswagen TDI in California.

*Howard, et al. v. Volkswagen Group of America,, Inc., et al. – Complaint for Damages and Injunctive Relief Under RICO*

16. Defendants were engaged in the sale and distribution of automobiles under the Volkswagen and Audi brands throughout the United States.
17. Defendants intentionally manufactured and installed defeat devices in certain 2009 – 2015 diesel model vehicles designed to intentionally bypass, defeat, or render inoperative elements of the vehicles' emission control system that exist to comply with Clean Air Act ("CAA") standards.
18. The affected diesel vehicles are as follows: 2009 – 2015 Volkswagen Beetle, Golf, Jetta, Jetta Sportswagen (diesel or TDI models); 2014 – 2015 Passat (diesel or TDI models); 2009 – 2015 Audi A3(diesel models). These vehicles shall be referred to as the "Affected Vehicles."
19. The purpose of the CAA was to protect and enhance the quality of the Nation's air resources so as to promote public health and welfare and the productive capacity of its population and to control air pollution.
20. The CAA aim to protect both the environment and human health by restricting the amount of nitrogen oxides ("NOx") and other harmful pollutants emitted by automobiles.
21. NOx causes and increases the amount of ozone or smog. Breathing ozone worsens bronchitis, emphysema, asthma, and causes chest pain, coughing throat irritation, and congestion.
22. The Environmental Protection Agency ("EPA") issues certificates of conformity ("COCs") which certifies that vehicles have satisfied the emission standards for certain air pollutants, including NOx, and thereby approves the introduction of vehicles into United States commerce.
23. Automobile manufacturers must submit a COC application in order to obtain a COC. The COC application must list all auxiliary emission control devices ("AECDs") installed on the vehicle. An AECD is any piece of hardware or software that takes measurements for the purpose of activating, delaying, modulating, or deactivating the operation of any part of the emission control system. Generally, the types of measurements taken by an AECD include, but are not limited to, temperature, engine speed, vehicle speed, and transmission gear.
24. The COC application must also include a justification for each AECD, the measurements and parameters the AECD detects and controls, and a justification for each AECD that results in a reduction or lessening in effectiveness of the emission control system.

*Howard, et al. v. Vollkswagen Group of America,, Inc., et al. – Complaint for Damages and Injunctive Relief Under RICO*

25. A defeat device is an AECD that reduces the effectiveness of the emission control system under normal operating conditions. While there are certain exceptions, vehicles equipped with defeat devices cannot be certified for introduction into United States commerce.

26. Only those vehicles that conform, in all material respects, to a manufacturer's COC application are covered by a COC.

27. The CAA makes it a violation for any entity or person to manufacture, sell, offer to sell, or install any part or component for an automobile meant to bypass, defeat, or render inoperative any device installed on or in a motor vehicle engine that has already been issued a COC.

28. Manufacturers, including Defendants, are prohibited from selling, offering for sale, importing, or introducing into commerce any new motor vehicle that does not have a COC.

29. The Affected Vehicles all have AECDs that were not described or identified in the COC application.

30. Defendants intentionally manufactured and installed software on the Affected Vehicles that sensed when the Affected Vehicles were being tested for compliance with EPA emission standards and only at that time activated various emission controls.

31. However, during normal vehicle operation on public roads and elsewhere the same emission controls were not active. As a result of the emission controls not being active, emissions of NOx increased by a factor of up to 40 times the EPA compliant levels.

32. Upon information and belief, Defendants deactivated the emission controls on the Affected Vehicles in order to increase the vehicles' power and miles per gallon fuel efficiency. Put differently, Defendants manufactured and installed a defeat device meant to deceive government regulators and consumers into believing that the Affected Vehicles were in compliance with CAA standards and capable of delivering the same or greater power and greater fuel efficiency than their gasoline powered counterparts.

33. Sometime in 2015, Defendants admitted to the EPA and the California Air Resources Board ("CARB") that it had designed and installed the defeat device described above.

34. Defendants' defeat device is an AECD that was neither described nor justified in their COC application.

35. On or about September 18, 2015, the EPA issued a Notice of Violation to Defendants concerning the defeat device described above. Prior to said date, Plaintiffs had no way of knowing that Defendants had deceived them by manufacturing and installing a defeat device within each of the Affected Vehicles.

36. Defendants knew that the Affected Vehicles did not meet CAA standards for emissions yet nonetheless continued to tout the Affected Vehicles as low emission vehicles and clean alternatives to gasoline powered models. In part, through Defendants' representations and marketing efforts, Defendants have sold the largest number of diesel powered passenger vehicles in the United States in the past several years and have become the largest automobile manufacturer in the world.

37. Aside from deceiving their customers, Plaintiffs, the general public, and government regulators about the design, operation, and effectiveness of the Affected Vehicles, Defendants also charged a premium mark up for the privilege of owning one of the Affected Vehicles.

38. Defendants claimed the Affected Vehicles were "Cleandiesel" models that would get outstanding mileage while still being low emissions vehicles. Environmentally conscious consumers, such as Plaintiffs, chose to pay a premium for the Affected Vehicles based substantially on Defendants' representations about their emissions, mileage, and capabilities.

39. The premium paid for the Affected Vehicles ranged from approximately $2,300 to almost $7,000.00 depending on the model and trim level.

40. Plaintiffs justifiably relied on Defendants' intentional misrepresentations about the Affected Vehicles. Had Plaintiffs known the truth about the Affected Vehicles, Plaintiffs would not have purchased or leased said vehicles.

41. Plaintiffs only learned of Defendants' acts and omissions, complained of herein, on or around September 18, 2015 when the EPA issued their citation to Defendants.

42. As a result of Defendants' unlawful and deceptive business practices, the Affected Vehicles have a stigma associated with them that will affect the resale value of the car.

43. Any software patch or repair that degrades the performance of the Affected Vehicles will cause Plaintiffs to incur additional fuel costs and deprive Plaintiffs of the performance that was

promised and that they had up until the said "fix".

44. The conduct Defendants took against Plaintiffs, as well as government regulators referenced above, indicate a pattern of racketeering activity.

45. Defendants have been, and currently are, profiting from the acts and omissions complained of herein.

46. Defendants mailed letters, mailed payments, sent electronic mail ("e-mail"), made telephone calls that spanned various States, and used the internet to coordinate, fund, continue, formulate, attempt, and further the acts and scheme described above.

47. Plaintiffs are informed and believe and thereon allege that Defendants' conduct, as described above, was done with oppression, fraud and malice as defined in Civil Code § 3294 and Plaintiffs should recover, in addition to actual damages, damages to make an example out of and to punish Defendants.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS "RICO" STATUTE PURSUANT TO 18 U.S.C. § 1962(d) BY CONSPIRING TO VIOLATE § 1962)

### (ALL PLAINTIFFS AND CLASS MEMBERS AGAINST ALL DEFENDANTS)

48. Plaintiffs and Class members re-allege and incorporate by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

49. This is a civil action brought by Plaintiffs and Class members under the Organized Crime Control Act of 1970, Racketeer Influenced and Corrupt Organizations, 18 U.S.C. §§ 1961, et seq.

50. Each Plaintiff and Class member is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(a), (c).

51. Each Defendant listed above is, and at all times relevant herein, a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(a)-(d).

52. Defendants, and any combination thereof, constitute an "enterprise" within the meaning of 18

U.S.C. §§ 1961(4) and 1962(a), (c), (d). In other words, Defendants conspired among themselves that income would be received, directly or indirectly, from a pattern of activity unlawful under 18 U.S.C. § 1961(1)(A), specifically mail and wire fraud, in which Defendants participated as principals within the meaning of 18 U.S.C. §§ 1961(1), 1961(5), and 1962(a).

53. Pursuant to 18 U.S.C. § 1962(a), Defendants directly or indirectly received income as a result of the scheme described above, the proceeds of such income were invested, directly or indirectly, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

54. Pursuant to 18 U.S.C. § 1962(c), Defendants conspired among themselves to conduct, participate, directly or indirectly, in the management and operation of the enterprise's affairs through a pattern of racketeering activity including, but not limited to, mail and wire fraud, in which Defendants participated as principals within the meaning of 18 U.S.C. §§ 1961(1) and 1961(5).

55. Aside from the fraudulent misrepresentations described above, the entire fraudulent scheme to unlawfully defraud Plaintiffs and Class member and government regulators was advanced by Defendants' using the U.S. mail and wires in ways including, but not limited to, Defendants' telephone calls and correspondence sent via U.S. mail to Plaintiffs and Class members, Defendants' telephone discussions amongst themselves, Defendants' agents' email messages amongst themselves and with Plaintiffs and Class members, advertising via U.S. mail, television, internet, and phone, and the transfer of monies obtained as a result of Defendants' false statements and unlawful conduct through U.S. wires.

56. Defendants' acts and omissions as described herein affected interstate commerce.

57. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs and Class members suffered actual damages in an amount according to proof.

### SECOND CLAIM FOR RELIEF
### (VIOLATION OF RICO STATUTE PURSUANT TO 18 U.S.C. § 1962(c))
### (ALL PLAINTIFFS AND CLASS MEMBERS AGAINST ALL DEFENDANTS)

58. Plaintiffs and Class members re-allege and incorporate by reference all of the allegations set

forth in the preceding paragraphs as though set forth herein.

59. This is a civil action brought by Plaintiffs and Class members under the Organized Crime Control Act of 1970, Racketeer Influenced and Corrupt Organizations, 18 U.S.C. §§ 1961, *et seq.*

60. Each Plaintiff and Class member is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

61. Each Defendant listed above is, and at all times relevant herein, a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

62. Defendants, and any combination thereof, constitute an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(a), (c), (d).

63. Each of the Defendants were and are associated with the enterprise(s) and conducted, participated, directly or indirectly, in the management and operation of the enterprise's affairs through a pattern of racketeering activity including, but not limited to, mail and wire fraud as described above.

64. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs and Class members have suffered actual damages in an amount according to proof.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF RICO STATUTE PURSUANT TO 18 U.S.C. § 1962(a))
### (ALL PLAINTIFFS AND CLASS MEMBERS AGAINST ALL DEFENDANTS)

65. Plaintiffs and Class members re-allege and incorporate by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

66. This is a civil action brought by Plaintiffs and Class members under the Organized Crime Control Act of 1970, Racketeer Influenced and Corrupt Organizations, 18 U.S.C. §§ 1961, et seq.

67. Each Plaintiff and Class member is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(a).

68. Each Defendant listed above is, and at all times relevant herein, a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(a).

69. Defendants, and any combination thereof, constitute an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(a).

70. Defendants received income, either directly or indirectly, from a pattern of activity unlawful under 18 U.S.C. § 1961(1)(A), specifically mail and wire fraud. Defendants participated in said pattern of racketeering as principals within the meaning of 18 U.S.C. §§ 1961(1), 1961(5), and 1962(a).

71. Defendants have used or invested, directly or indirectly, part of such income, or the proceeds of such income, in acquisition of an interest in, or the establishment or operation of, an enterprise which is engaged in, or the activities of which affected, interstate or foreign commerce.

72. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs and Class members have suffered actual damages in an amount according to proof.

## FOURTH CLAIM FOR RELIEF
## (UNFAIR BUSINESS PRACTICES VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17200)
## (ALL PLAINTIFFS AND CALIFORNIA CLASS MEMBERS AGAINST ALL DEFENDANTS)

73. Plaintiffs and Class members re-allege and incorporate by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

74. By reason of Defendants' violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962), CAA § 203(a)(1), (3)(B), 42 U.S.C. 7522(a)(1), (a)(3)(B), and 40 C.F.R. § 86.1848-10(c)(6), Defendants' conduct constituted an unfair and unlawful business practice under Cal. Business and Professions Code § 17200, *et seq.* and Business and Professions Code § 17500.

75. Defendants' deceitful actions described above gave Defendants' a substantial, unfair and unlawful business advantage. Defendants knew that their false statements, and the manufacturing and installing defeat devices on the Affected Vehicles would allow them to falsely claim superior features, mileage and pricing over their competitors' vehicles. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages.

76. It is the regular practice of Defendants to violate applicable laws in ways that include, but are not limited to: manufacturing and installing illegal defeat devices meant to circumvent the law and endanger public safety; intentionally deceiving and making affirmative misrepresentations to government regulators, the public, Plaintiffs and Class members; and engaging in a pattern of racketeering activity.

77. Plaintiffs' and Class members' remedy at law is inadequate.

78. At all times herein relevant, Defendants were conducting business under the laws of the United States and the State of California. In conducting said business, Defendants were obligated to comply with the laws of the United States and the State of California.

79. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages in an amount according to proof. Defendants' unjustly profited from their illegal, deceitful, and unfair conduct.

80. California Class members are those individuals that purchased Affected Vehicles in California.

## FIFTH CLAIM FOR RELIEF
## (FRAUDULENT MISREPRESENTATION)
## (ALL PLAINTIFFS AND CLASS MEMBERS AGAINST ALL DEFENDANTS)

81. Plaintiffs and Class members re-allege and incorporate by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

82. At the time the Affected Vehicles were marketed, sold, and introduced into commerce, Defendants were under a duty to disclose the material fact that they had fraudulently obtained COCs, installed illegal software and defeat devices, and misrepresented performance, and emissions of the Affected Vehicles, and engaged in the other conduct described above.

83. Defendants knew that the Affected Vehicles had not validly obtained COCs and that they contained illegal software and defeat devices. Subsequently, Defendants misrepresented said facts, along with performance, and emissions of the Affected Vehicles at the time they marketed, sold, and introduced the Affected Vehicles into commerce, but failed to disclose said fact to Plaintiffs, the Class, the public, resellers, and government regulators.

84. Defendants made the above-described misrepresentations to Plaintiffs with the intent to induce

their reliance thereon.

85. Plaintiffs actually and justifiably relied on Defendants' misrepresentations by purchasing the Affected Vehicles. As a direct and proximate result, Plaintiffs have suffered damages, including but not limited to, payment for the Affected Vehicles in excess of what comparable gasoline powered vehicles costs, to which Defendants were not entitled.

## SIXTH CLAIM FOR RELIEF
## (VIOLATION OF SONG-BEVERLY ACT; BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)
## (ALL PLAINTIFFS AND CALIFORNIA CLASS MEMBERS AGAINST ALL DEFENDANTS)

86. Plaintiffs and Class members re-allege and incorporate by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

87. The Vehicle purchased by Plaintiffs and Class members is a "consumer good" as defined in Cal. Civil Code § 1791(a).

88. Plaintiffs and Class members are "buyer(s)" of the Affected Vehicles as defined in Civil Code § 1791(b).

89. Defendants are "manufacturer(s)" as defined in Civil Code § 1791(j).

90. Plaintiffs and Class members are informed and believe and thereon allege, that Defendants are the warrantors and thus obligated to comply with Civil Code § 1791 *et seq.*

91. The express warranties described and incorporated herein by reference are each an "express warranty" as defined in California Civil Code § 1791.2(a).

92. As an express warrantor and manufacturer, Defendants had certain obligations under the Song-Beverly Consumer Warranty Act to conform the Affected Vehicles to the applicable warranties, make the Affected Vehicles fit for the ordinary purpose for which they were to be used, ensure that the Affected Vehicles were adequately labeled, and ensure that the Affected Vehicles conformed to the promises or affirmations of fact made on the label.

93. The acts or omissions of Defendants deprived Plaintiffs and Class members of the rights guaranteed them under the express warranties offered by Defendants and of the rights

- 12 -

*Howard, et al. v. Vollkswagen Group of America,, Inc., et al. -- Complaint for Damages and Injunctive Relief Under RICO*

*Howard, et al. v. Vollkswagen Group of America,, Inc., et al. – Complaint for Damages and Injunctive Relief Under RICO*

guaranteed them under the provisions of the Song-Beverly Consumer Warranty Act.

94. Plaintiffs and Class members have performed each and every duty required of them under the terms of the Song-Beverly Consumer Warranty Act, except as may have been excused or prevented by the conduct of Defendants, as herein alleged. The Affected Vehicles have been defective since Plaintiffs and Class members took possession of them and continue to be defective to date. The defective conditions substantially impair their use, value and safety to consumers and to Plaintiffs and Class members in particular.

95. Defendants' acts and omissions as described above were willful, unreasonable, and in violation of Civil Code § 1793.2 and § 1794(c), subjecting Defendants to a civil penalty of up to two (2) times the damages for their willful violation of the Song-Beverly Consumer Warranty Act.

96. Under California Civil Code § 1794(d), Plaintiffs and Class members are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees incurred.

97. As a direct and legal result of Defendants' violations of its obligations under the Song-Beverly Consumer Warranty Act, Plaintiffs and Class members have suffered actual, consequential, and incidental damages as described above, as well as attorneys' fees which Plaintiffs and Class members will incur.

98. California Class members are those individuals that purchased Affected Vehicles in California.

### SEVENTH CLAIM FOR RELIEF
### (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY – Cal. Com. Code § 2314)
### (ALL PLAINTIFFS AND CALIFORNIA CLASS MEMBERS AGAINST ALL DEFENDANTS)

99. Plaintiffs and Class members re-allege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

100. Defendants at all relevant times herein was a "merchant" as defined under Cal. Com. Code § 2104.

101. As described above, the Affected Vehicles were not in merchantable condition since they were not of fair average quality within the description provided, thus Defendants breached the warranty of merchantability.

102. As a direct and proximate result of Defendants' violations of its obligations under Cal. Com. Code § 2314, Plaintiffs and Class members have suffered actual, consequential, and incidental damages as described above, as well as attorneys' fees which Plaintiffs and Class members will incur.

103. California Class members are those individuals that purchased Affected Vehicles in California.

## EIGHTH CLAIM FOR RELIEF
## (NEGLIGENT MISREPRESENTATION)
## (ALL PLAINTIFFS AND CLASS MEMBERS AGAINST ALL DEFENDANTS)

104. Plaintiffs and Class members re-allege and incorporate by reference all of the allegations set forth in the preceding paragraphs.

105. Defendants were under a duty to disclose the material fact that they had fraudulently obtained COCs, installed illegal software and defeat devices, and misrepresented performance, and emissions of the Affected Vehicles, and engaged in the other conduct described above.

106. Defendants had no reasonable grounds for believing that the Affected Vehicles were "clean diesel" vehicles, that they had valid COCs, that they met emission standards, and/or that their performance was as advertised. Nonetheless, Defendants represented said assertions as true when in fact they were false.

107. Defendants made the above-described misrepresentations to Plaintiffs with the intent to induce their reliance thereon.

108. Plaintiffs actually and justifiably relied on Defendants' misrepresentations by purchasing and operating the Affected Vehicles. As a direct and proximate result, Plaintiffs have suffered damages, including but not limited to, payment for the Affected Vehicles in excess of what comparable gasoline powered vehicles costs, to which Defendants were not entitled.

*Howard, et al. v. Volkswagen Group of America,, Inc., et al. – Complaint for Damages and Injunctive Relief Under RICO*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class members pray for judgment as follows:

A. General damages in amounts to be determined according to proof;

B. Special damages and consequential damages in an amount to be proven at trial;

C. Treble damages pursuant to statute;

D. Restitution and disgorgement of all unjust profits;

E. Attorneys' fees pursuant to pursuant to 18 U.S.C. § 1964(c), Cal. Civ. Code § 1794(d), and other applicable statute(s);

F. Costs of suit including expert fees;

G. Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

H. Pursuant to 18 U.S.C. § 1964(a), for the imposition of a constructive trust with tracing and interest;

I. Pursuant to 18 U.S.C. § 1964(a), for dissolution of the enterprise;

J. Pursuant to 18 U.S.C. § 1964(a), an order enjoining Defendants from engaging in similar conduct in the future against Plaintiffs and Class members;

K. Injunctive relief against Defendants including, but not limited to, an order that Defendants and/or Defendants' agents and contractors be prohibited from engaging in similar conduct in the future, for a free and immediate repair to all Affected Vehicles, and/or to purchase Affected Vehicles for a fair price if the Affected Vehicles performed and had features as advertised;

L. For pre and post judgment interest as permitted by law;

M. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs and Class members hereby demand a jury trial of all issues triable as of right by jury.

///
///
///

*Howard, et al. v. Volkswagen Group of America,, Inc., et al. – Complaint for Damages and Injunctive Relief Under RICO*

Dated: September 29, 2015

By:  /s/ Michael Bracamontes
Michael R. Bracamontes, Esq.
BRACAMONTES & VLASAK, P.C.
Attorneys for Plaintiffs and Class members